**No. 56406.**—Moosalina Products Corp. *v.* United States, protest 170466–K (New York).

Opinion by JOHNSON, J. It was originally stipulated that certain items of cheese marked "A" on the invoice consist of Romano cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). It was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. Inasmuch as no Romano cheese appeared under the items marked "A," the court, in deciding the case, disregarded the trade agreement with Argentina, *supra*, relative to such cheese. A motion for rehearing was granted, and at the trial it was further stipulated that the cheese described on the invoice as Sardo type cheese consists of Romano cheese which was entered for consumption subsequent to the effective date of T. D. 50504. In accordance with stipulations of counsel it was held: (1) That in determining the duty applicable to the items of cheese marked "A" an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese; and (2) that the item of merchandise invoiced as Sardo cheese consists of Romano cheese and, as such, is properly dutiable at 25 percent under paragraph 710, as modified by T. D. 50504, less such allowance for tare as is applicable to the items marked "A" on the invoice.

**No. 56407.**—F. W. Tracy *v.* United States, protest 153216–K (Baltimore).

Opinion by JOHNSON, J. An examination of the record disclosed that the protest was filed prior to liquidation. In view of the provisions of section 514, Tariff Act of 1930, the protest was dismissed.